IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CYNTHIA S. SMITH-LINDLEY,<br>    Plaintiff,<br><br>v.<br><br>STATE OF TEXAS, Department of<br>Family and Protective Services,<br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 3:12-CV-4819-K-BK |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION

Pursuant to *Special Order 3*, this case has been referred to the United States Magistrate Judge for findings, conclusions, and recommendations on the Defendant State of Texas Department of Family and Protective Services' ("DFPS") *Motion to Dismiss*. (Doc. 21). The motion should be **GRANTED IN PART.**

### BACKGROUND

Plaintiff, initially proceeding without the assistance of counsel, alleges a claim under the Family and Medical Leave Act ("FMLA"). (Doc. 14 at 1). Defendant has moved to dismiss with prejudice for lack of subject-matter jurisdiction, based on its Eleventh Amendment immunity and Plaintiff's failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively. (Doc. 21 at 1-2).

After the motion to dismiss was filed, Plaintiff retained counsel. (Doc. 23 at 1). Plaintiff now concedes that the case should be dismissed for lack of subject-matter jurisdiction. (Doc. 28 at 1). However, Plaintiff seeks to dismiss the case without prejudice in order to bring her claims under state law in state court. *Id.* at 2.

**APPLICABLE LAW & ANALYSIS**

A district court must dismiss a case when the plaintiff fails to establish subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A dismissal based on lack of subject-matter jurisdiction does not constitute a determination of the claim on its merits, however, and does not prevent a plaintiff from pursuing the claim in a court that has proper jurisdiction. *Id.*

Here, as Defendant correctly asserts and Plaintiff concedes, Defendant State of Texas, Department of Family and Protective Services is immune from suit in this Court under the Eleventh Amendment of the United States Constitution. "Absent waiver, neither a State nor agencies acting under its control may 'be subject to suit in federal court.'" *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.* 506 U.S. 139, 144 (1993) (quoting *Welch v. Texas Dept. of Highways and Public Transportation*, 483 U.S. 468, 480 (1987). Thus, this Court lacks subject-matter jurisdiction and must dismiss this action without prejudice.

Accordingly, Defendant's *Motion to Dismiss* (Doc. 21) should be **GRANTED IN PART**, and this case should be **DISMISSED WITHOUT PREJUDICE** under Rule 12(b)(1) for lack of subject-matter jurisdiction.

**SO RECOMMENDED**, August 14, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

  A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE